UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-23919-CIV-CMA

BISMARCK JOSE FRECH GONZALEZ and )
all others similarly situated under 29 U.S.C. )
2016(b), )
　)
　　　　　Plaintiff(s), )
　)
v. )
　)
　)
MJM STRUCTURAL CORP., HENRY LEW, )
and BENAY LEW. )
　)
　　　　　Defendant(s). )
_____ )

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants, MJM STRUCTURAL CORP., HENRY LEW, and BENAY LEW, by and through undersigned counsel answer the First Amended Complaint and state as follows:

1. Admitted this purports to be an action arising under the FLSA but denied the Plaintiff is entitled to the relief he seeks.

2. Unknown at this time and strict proof of same is required.

3. The first sentence is admitted. Upon information and belief the Plaintiff presented false identity information to secure employment and the named Plaintiff may not technically have been employed by MJM.

4. Admitted that Henry Lew is a corporate officer and/or owner of MJM, but for the reason stated in paragraph 3 above, the balance of the allegation is denied.

5. Admitted that Benay Lew is a corporate officer and/or owner of MJM, but for the reason stated in paragraph 3 above, the balance of the allegation is denied.

---

**LAW OFFICES OF GEORGE A. MINSKI, P.A.**
**2475 Hollywood Boulevard ◊ Hollywood, Florida 33020 ◊ Dade (305) 792-2200 ◊ Broward (954) 362-4214**

Case No.: 18-23919-CIV-CMA
Bismarck Jose Frech Gonzalez, et al., v. MJM Structural Corp., et al.
Answer to First Amended Complaint

6. Denied any acts or omissions occurred.

7. The first sentence is admitted. The second sentence is admitted but it is denied that Plaintiff is entitled to the relief he seeks. The third sentence is denied.

8. Admitted for jurisdictional purposes only.

9. The allegations are legal conclusions to which no response is required. If a response is required, Defendants direct the Court to the actual statutes for their full text and language.

10. Denied.

11. The first sentence is admitted. The balance of the paragraph is denied.

12. Admitted.

13. Admitted.

14. Admitted.

15. Denied.

16. Denied Plaintiff is entitled to fees or costs.

17. The allegations are legal conclusions to which no response is required. If a response is required, Defendants direct the Court to the actual statutes for their full text and language.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

Case No.: 18-23919-CIV-CMA
Bismarck Jose Frech Gonzalez, et al., v. MJM Structural Corp., et al.
Answer to First Amended Complaint

23. Denied Plaintiff is entitled to the relief he seeks.

24. Denied.

## **AFFIRMATIVE DEFENSES**

25. Plaintiff's claims are barred by virtue of knowingly pleading false and untrue claims as to the number of hours and the periods of time the Plaintiff set forth as having worked.

26. Upon information and belief Plaintiff is barred from recovering any damages by virtue of utilizing a false identity.

27. Plaintiff's claims are barred to the extent that he did not work more than forty (40) hours in any workweek.

28. Plaintiff fails to state a cause of action for which relief can be granted as the Plaintiff's claims are impermissibly speculative and imprecise, as the Plaintiff claims to have worked "*an average* of 55 hours a week" and claims he "was not paid for *approximately* 10 hours."

29. Plaintiff is not entitled to damages for hours not actually worked during any workweek.

30. Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which they engaged in certain activities that were preliminary or postliminary to their principal activities.

31. Plaintiff's claims are barred in whole or part by exemptions, exclusions, exceptions, or credits provided in 29 U.S.C. §§ 207 and 213. Defendant MJM has and had specific and comprehensive time keeping procedures and policies such that Plaintiff was responsible for making, keeping, and reporting any alleged overtime hours he worked. And further, Plaintiff did report overtime hours pursuant to MJM's time keeping procedures and policies and Plaintiff was

Case No.: 18-23919-CIV-CMA
Bismarck Jose Frech Gonzalez, et al., v. MJM Structural Corp., et al.
Answer to First Amended Complaint

compensated at a proper overtime rate for those hours.

32. Plaintiff's claims are barred in whole or in part by the provisions of 29 U.S.C. § 259, to the extent that actions taken in connection with Plaintiff's employment were done in good faith in conformity with and reliance upon administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States of Labor. Defendant MJM has and had specific and comprehensive time keeping procedures and policies such that Plaintiff was responsible for making, keeping, and reporting any alleged overtime hours he worked. And further, Plaintiff did report overtime hours pursuant to MJM's time keeping procedures and policies and Plaintiff was compensated at a proper overtime rate for those hours.

33. Defendants state that all actions taken related to payment of Plaintiff's compensation, wages and withholdings thereto were made in good faith, and any purported violations of the FLSA are *de minimis*. Defendant MJM has and had specific and comprehensive time keeping procedures and policies such that Plaintiff was responsible for making, keeping, and reporting any alleged overtime hours he worked. And further, Plaintiff did report overtime hours pursuant to MJM' time keeping procedures and policies and Plaintiff was compensated at a proper overtime rate for those hours.

34. Defendants state that Plaintiff was properly compensated under all applicable laws for any and all overtime work as demonstrated by Plaintiff's payroll records, which reflect repeated payment of overtime pay throughout his employment.

35. Defendants state that to the extent any determination is made that wages or overtime

Case No.: 18-23919-CIV-CMA
Bismarck Jose Frech Gonzalez, et al., v. MJM Structural Corp., et al.
Answer to First Amended Complaint

compensation were ever owed or are owed to Plaintiff, and further, to the extent that it is determined that Plaintiff worked more than forty (40) hours in a work week and did not receive proper overtime compensation, such overtime was not specifically known by MJM and, therefore, no liquidated damages would be owing for the nonpayment of such overtime compensation. Defendant MJM has and had specific and comprehensive time keeping procedures and policies such that Plaintiff was responsible for making, keeping, and reporting any alleged overtime hours he worked. And further, Plaintiff did report overtime hours pursuant to MJM's time keeping procedures and policies and Plaintiff was compensated at a proper overtime rate for those hours.

36. Defendants state that the Complaint fails to state a cause of action sufficient to justify the award of liquidated damages in favor of Plaintiff. Defendant MJM has and had specific and comprehensive time keeping procedures and policies such that Plaintiff was responsible for making, keeping, and reporting any alleged overtime hours he worked. And further, Plaintiff did report overtime hours pursuant to MJM's time keeping procedures and policies and Plaintiff was compensated at a proper overtime rate for those hours.

37. Defendants state that any activities that were for the sole benefit and convenience of Plaintiff do not constitute hours worked as defined by the FLSA.

38. Defendants state that Plaintiff is estopped from claiming unpaid overtime compensation in that he was responsible for making, keeping, and reporting any alleged overtime hours he worked. Therefore, because Defendant relied upon Plaintiff's verified representations that he was paid all amounts due to him and because Plaintiff did not complain he was owed overtime or make a demand for wages during his employment, Plaintiff is now barred from bringing the claim he

Case No.: 18-23919-CIV-CMA
Bismarck Jose Frech Gonzalez, et al., v. MJM Structural Corp., et al.
Answer to First Amended Complaint

purport to make in this action.

39. Defendants state that Plaintiff is estopped from claiming unpaid overtime compensation in that he received proper overtime compensation during his employment for those overtime hours that he reported as required by MJM's timekeeping policies.

40. If Plaintiff is able to show uncompensated overtime, which is denied, Plaintiff's Complaint still fails to state a cause of action in that Plaintiff failed to comply with MJM's timekeeping policies by not reporting or recording such overtime.

41. If Plaintiff is able to show uncompensated overtime, which is denied, Plaintiff's Complaint still fails to state a cause of action in that Plaintiff failed to comply with MJM's procedures to report errors in pay by not reporting such alleged errors.

42. If Plaintiff is able to show a violation of the FLSA, which is denied, Defendants are entitled to seek a set-off for paid but unearned wages.

43. Plaintiff has failed to meet his duty of properly mitigating any damages that he may have suffered (such damages are expressly denied); alternatively, any claim for relief must also be set off and/or reduced by wages, compensation, pay, commissions, benefits and all other earnings and remuneration, profit, and benefits, regardless of form, received by Plaintiff or which were earnable or receivable with reasonable diligence.

44. While it is not clear if Plaintiff is asserting a collective or class action, Plaintiff cannot establish or satisfy the requirements for a collective action pursuant to Section 216(b) of the FLSA and, therefore, the collective action allegations of the Complaint should be stricken and dismissed.

Case No.: 18-23919-CIV-CMA
Bismarck Jose Frech Gonzalez, et al., v. MJM Structural Corp., et al.
Answer to First Amended Complaint

45. While it is not clear if Plaintiff is asserting a collective or class action, Plaintiff's claims cannot proceed as a class action because the FLSA and its collective action procedure preempt state law that might otherwise permit class action treatment.

46. While it is not clear if Plaintiff is asserting a collective or class action, Plaintiff cannot establish or satisfy the requirements for class certification pursuant to Federal Rule of Civil Procedure 23 and, therefore, the class certification allegations of the Complaint should be stricken and dismissed.

47. While it is not clear if Plaintiff is asserting a collective or class action, allowing this action to proceed as a collective action or as a class action would violate Defendant's rights under the Seventh Amendment to the U.S. Constitution and under the Due Process Clause of the Fifth Amendment to the U.S. Constitution because liability may not be determined by a single jury on a class-wide basis.

48. To the extent the entity Defendant is found not to be liable, the individual Defendants are also not liable for any violations of the FLSA because any claim against the individuals would only be a derivative of the claim against the entity Defendant.

49. Defendants asserts that Plaintiff's claims (if any) are barred and estopped to the extent that Defendant lacked actual or constructive knowledge of the hours he worked due to inaccurate or misleading information regarding hours worked provided by Plaintiff.

50. Plaintiff's alleged damages (if any) are the result of independent actions attributed to him and not the Defendants. Therefore, the Defendants should not be held responsible for those actions.

51. Defendants are entitled to a set-off for all money paid to Plaintiff for work not actually

Case No.: 18-23919-CIV-CMA
Bismarck Jose Frech Gonzalez, et al., v. MJM Structural Corp., et al.
Answer to First Amended Complaint

performed by the Plaintiff.

52. Plaintiff's claims are barred to the extent that he did not actually work the hours he is alleging he is owed payment for.

53. Plaintiff's claims for fees and costs is barred by virtue of his counsel's failure to make a reasonable pre-suit investigation or inquiry into the factual basis of the Plaintiff's claims, which pre-suit.

54. In addition to the foregoing defenses, Plaintiff's claims may be subject to additional defenses.

WHEREFORE, Defendants, having fully answered the Complaint and having raised legal defenses thereto, request judgment in their favor in its entirety and that the Defendants be awarded costs, and reasonable attorneys' fees as may be allowed under 29 U.S.C. §§201-216, 28 U.S.C. §1927, and under the federal rules of civil procedure.

Respectfully Submitted,

By: /s/*George A. Minski, Esq.*
George A. Minski, Esq.
FBN. 724726
gminski@minskilaw.com
Christin Coleman Gallardo, Esq.
FBN: 798231
cgallardo@minskilaw.com
**LAW OFFICES OF GEORGE A. MINSKI, P.A**.
*Counsel for Defendants*
2475 Hollywood Boulevard
Hollywood, FL 33020
Dade: 305-792-2200
Broward: 954-362-4214
Primary email: dgomez@minskilaw.com
Secondary Email: gminski@minskilaw.com

---

**LAW OFFICES OF GEORGE A. MINSKI, P.A.**
**2475 Hollywood Boulevard ◊ Hollywood, Florida 33020 ◊ Dade (305) 792-2200 ◊ Broward (954) 362-4214**

Case No.: 18-23919-CIV-CMA
Bismarck Jose Frech Gonzalez, et al., v. MJM Structural Corp., et al.
Answer to First Amended Complaint

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 5, 2018, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties on the service list below either via transmission of Notices of Electronic Filing generated by CM/ECF or via U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/*George A. Minski, Esq.*
George A. Minski, Esq.
FBN. 724726
Email: gminski@minskilaw.com

**SERVICE LIST**
J.H. Zidell, Esq.
Neil Tobak, Esq.
J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
Email: ZABOGADO@AOL.COM
*Counsel for Plaintiff*