UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-23919-CIV-CMA

BISMARCK JOSE FRECH GONZALEZ,         )
GROVER MUNOZ, and all others similarly )
situated under 29 U.S.C. 216(b),       )
                                       )
            Plaintiffs,                )
    vs.                                )
                                       )
MJM STRUCTURAL CORP.,                  )
HENRY LEW,                             )
BENAY LEW,                             )
                                       )
            Defendants.                )
_____

### SECOND AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS AND VIOLATION OF OVERTIME PAY BASED ON INCORRECT HOURLY RATE

Plaintiffs, BISMARCK JOSE FRECH GONZALEZ and GROVER MUNOZ, on behalf of themselves and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, file this Second Amended Complaint, against Defendants, MJM STRCTURAL CORP., HENRY LEW, BENAY LEW and allege:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiffs were residents of Miami-Dade County, Florida at the time that this dispute arose.

3. The Defendant MJM STRCTURAL CORP., is a company that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant HENRY LEW is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. The individual Defendant BENAY LEW is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

6. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

7. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

9. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the

production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

10. PlaintiffBISMARCK JOSE FRECH GONZALEZ worked for Defendants as a carpenter from on or about December 23, 2015 through on or about the present and ongoing.

11. Plaintiff GROVER MUNOZ worked for Defendants as a carpenter from on or about January 31, 2018 through on or about September 21, 2018.

12. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiffs' work for the Defendant affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendant affected interstate commerce for the relevant time period because the materials and goods that Plaintiffs used on a constant and/or continual basis and/or that were supplied to him by the Defendant to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. The Plaintiffs' work for the Defendant was actually in and/or so closely related to the movement of commerce while he worked for the Defendant that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendant.

13. Additionally, Defendant regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

14. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years, 2014, 2015, 2016, and 2017.

15. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $375,000 for the first nine months of the year 2018 and is expected to exceed $500,000 for the year 2018.

16. Plaintiff's Statement of Claim:

> **PLAINTIFF BISMARCK JOSE FRECH GONZALEZ**
> **Count I:**
> **Time-And-A-Half Overtime Claim (12/3/17-6/14/18):**
> Amount of Time-And-A-Half Overtime per hour not compensated: $30.00
> Weeks: 27
> Overtime hours per week: 10
> Total overtime wages unpaid and liquidated damages: $8,100 X 2 = $16,200.00, *exclusive of* **attorneys' fees and costs**
>
> **Time-And-A-Half Overtime Claim (6/15/18-9/15/18):**
> Amount of Time-And-A-Half Overtime per hour not compensated: $47.40
> Weeks: 13
> Overtime hours per week: 10
> Total overtime wages unpaid and liquidated damages: $6,162 X 2 = $12,324.00, *exclusive of* **attorneys' fees and costs**
>
> **Count II:**
> **Overtime Incorrect Hourly Rate Claim (Approx. 6 months between 1/1/17-11/17/17):**
> Amount of Overtime per hour not compensated: $15
> Weeks: 24 (Approx. 6 months between 1/1/17-11/17/17)
> Overtime hours per week: 15
> Total overtime wages unpaid and liquidated damages: $5,400 X 2 = $10,800.00, *exclusive of* **attorneys' fees and costs**
>
> **Incorrect Hourly RateClaim(Approx. 6 months between 1/1/17-11/17/17):**
> Amount per hour not compensated: $10.00
> Weeks: 24 (Approx. 6 months between 1/1/17-11/17/17
> Regular hours per week: 40
> Total wages unpaid and liquidated damages: $9,600 X 2 = $19,200.00, *exclusive of* **attorneys' fees and costs**
>
> Total Counts I-II and liquidated damages: $29,262 X 2 = $58,524.00, *exclusive of* **attorneys' fees and costs**
>
>
> **PLAINTIFF GROVER MUNOZ**
> **Time-And-A-Half Overtime Claim (1/31/18-9/21/18):**
> Amount of Time-And-A-Half Overtime per hour not compensated: $28.50

      Weeks: 33
      Overtime hours per week: 8
      Total overtime wages unpaid and liquidated damages: $7,524.00 X 2 = $15,048.00, *exclusive of* **attorneys' fees and costs**

17. Plaintiffs seek all fees and costs under the FLSA. The above calculations do not account for fees and costs under the FLSA sought by Plaintiffs.[1]

18. Plaintiffs reserve the right to seek time-and-one-half damages for any *additional* completely unpaid overtime hours should the facts adduced in discovery justify same.

19. Between the period of on or about December 3, 2017 through on or about June 14, 2018, Plaintiff BISMARCK JOSE FRECH GONZALEZ worked an average of 55 hours a week for Defendant and was paid an average of $20.00 but was not paid for approximately 10 hours of the average 15 hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half overtime rate for those approximately 10 unpaid hours worked above 40 in a week.

20. Between the period of on or about June 15, 2018 through on or about the present and ongoing, Plaintiff BISMARCK JOSE FRECH GONZALEZ worked an average of 55 hours a week for Defendant and was paid an average of $31.60 but was not paid for approximately 10 hours of the average 15 hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half overtime rate for those approximately 10 unpaid hours worked above 40 in a week.

21. Between the period of on or about January 31, 2018 through on or about September 21, 2018, Plaintiff GROVER MUNOZ worked an average of 55 hours a week for Defendant and was paid an average of $19.00 per hour but was not paid for approximately 8 hours of the average 15 hours worked over 40 hours in a week as required by the Fair Labor Standards Act.

---

[1] Plaintiffs' paystubs show that Plaintiffs were paid *some* overtime.

Plaintiff therefore claims the time-and-a-half overtime rate for those approximately 8 unpaid hours worked above 40 in a week.

22. Defendants willfully and intentionally refused to pay Plaintiffs' overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendants for the time period specified above.

Wherefore, the Plaintiffs request double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiffs' entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

**COUNT II. VIOLATION OF OVERTIME PAY BASED ON INCORRECT HOURLY RATE AS TO PLAINTIFF, BISMARCK JOSE FRECH GONZALEZ, AGAINST DEFENDANTS, JOINTLY AND SEVERALLY**

COMES NOW PLAINTIFFS, through Counsel, and re-adopt the factual and jurisdictional statements in paragraphs 1-22 above and further state:

23. For approximately a 6-month period between the period of on or about January 1, 2017 through on or about November 17, 2017, Plaintiff BISMARCK JOSE FRECH GONZALEZworked an average of 55 hours a week for Defendant and was paid an average of $20.00 per normal hour worked and average of $30.00 per hour for his overtime hours

worked over 40 hours in a week. However, the Federal Project worked on by the Plaintiff BISMARCK JOSE FRECH GONZALEZfor approximately 6 months during this period required a Federal Project rate of approximately $30.00 per hour for a normal hourly rate for a carpenter and an overtime rate per hour at approximately $45.00 per hour on this Federal Project.

24. As a direct proximate result of Defendants action, Plaintiff BISMARCK JOSE FRECH GONZALEZhas suffered damages.

25. Therefore, Plaintiff BISMARCK JOSE FRECH GONZALEZclaims the difference between the paid $20.00 per normal hour worked and the required Federal Project rate of approximately $30.00 per hour for a normal hourly rate for a carpenter on this Federal Project worked on by the Plaintiff for approximately 6 months. The Plaintiff also claims the difference between the paid $30.00 per hour for his overtime hours worked over 40 hours in a week and the required Federal Project rate of Approximately $45.00 per hour for overtime hourly rate for a carpenter on this Federal Project worked on by the Plaintiff BISMARCK JOSE FRECH GONZALEZfor approximately 6 months.

26. Defendants willfully and intentionally refused to pay Plaintiff's proper overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the PlaintiffBISMARCK JOSE FRECH GONZALEZ requests double damages

and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

                                              Respectfully Submitted,

                                              J.H. Zidell, Esq.
                                              J.H. Zidell, P.A.
                                              Attorney For Plaintiff
                                              300 71st Street, Suite 605
                                              Miami Beach, Florida 33141
                                              Tel: (305) 865-6766
                                              Fax: (305) 865-7167
                                              Email: ZABOGADO@AOL.COM

                                              By:__/s/ J.H. Zidell_____
                                                 J.H. Zidell, Esq.
                                              Florida Bar Number: 0010121

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT VIA CM/ECF ON 10/17/18 TO:**

**George Albert Minski, Esq.**
**Law Offices of George A. Minski, PA**
**2241 Hollywood Blvd**
**Hollywood, FL 33020**
**305-792-2200**
**Fax: 786-742-6990**
**Email: gminski@minskilaw.com**