UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-23919-CIV-CMA

| | |
|---|---|
| BISMARCK JOSE FRECH GONZALEZ, | ) |
| GROVER MUNOZ, and all others similarly | ) |
| situated under 29 U.S.C. 216(b), | ) |
| | ) |
| Plaintiffs, | ) |
| vs. | ) |
| | ) |
| MJM STRUCTURAL CORP., | ) |
| HENRY LEW, | ) |
| BENAY LEW, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS [DE31]

COME NOW the Plaintiffs, by and through the undersigned counsel, and hereby file this Response in Opposition to Defendants' Motion to Dismiss Amended Complaint for Failure to State a Claim, filed by Defendants as [DE31], and in support thereof state as follows:

1.     This matter sounds under the Fair Labor Standards Act ("FLSA") regarding allegations for overtime wage violations under 29 U.S.C. §§ 201-216 and claims for violation of overtime pay based on incorrect hourly rate. *See,* Second Amended Complaint [DE26].

2.     Defendants' Motion [DE31] seeks to dismiss Plaintiffs' claims for allegedly failing to set forth sufficient factual allegations regarding FLSA coverage/subject-matter jurisdiction (i.e. enterprise coverage and individual coverage). *See, Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998) ("In evaluating the sufficiency of a complaint, a court must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff."); *See also, Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citation omitted).

1

Defendants' Motion [DE31] also seeks to dismiss Plaintiffs' claims for allegedly being vague and ambiguous as the pleading allegedly uses pronouns instead of names.

3.       As set forth *supra,* there are sufficient allegations in the Complaint alleging the position Plaintiffs had while employed by Defendants, the dates that Plaintiffs were employed by Defendants, and FLSA coverage/subject-matter jurisdiction.

4.       As to Defendants' arguments regarding the plural versus singular term "Defendants" being confusing, there is no confusion because there is only one corporate Defendant, and the individual liability of the individual Defendants, HENRY LEW and BENAY LEW, are derivative.  As set forth *supra*, the liability of the individual Defendants in this FLSA matter will hedge on their operational control and corporate roles. Para. 4-5 of the Second Amended Complaint [DE26] allege the requisite operational control and corporate roles in accordance with the minimal pleading requirements of Rule 8. *See also, Game v. Hospicecare of Se. Fla., Inc.,* No. 09-21348-CIV, 2009 WL 10699939, at *2–3 (S.D. Fla. Aug. 7, 2009); *Cabrera v. 21 of Miami Corp.*, 2009 WL 2076095, at *8 (S.D. Fla. July 13, 2009)); *Aikens v. FSG of SW Florida, Inc.*, 2006 WL 4792783, at *2 (M.D. Fla. Sept. 1, 2006); *See also, Nicolini v. Charleville Dev. Corp.,* No. 09-23270-CIV, 2009 WL 10667845, at *2 (S.D. Fla. Dec. 21, 2009); *Goetz v. Louie's Backyard, Inc.,* No. 14-10074-CIV, 2015 WL 12781194, at *2 (S.D. Fla. May 18, 2015); *Hernandez v. Art Deco Supermarket,* No. 13-20705-CIV, 2013 WL 5532828, at *3 (S.D. Fla. Oct. 4, 2013). At most, usage of the plural term "Defendants", in the Second Amended Complaint [DE26], in certain particular paragraphs is a scrivener's error that does not affect Defendants' ability to file d their answer and raise their affirmative defenses.

5.       At this point in light of the facts pled, Defendants are in a position to answer the

2

Second Amended Complaint [DE26] and raise their affirmative defenses and, as the discovery process commences Plaintiffs will need to take various depositions and engage in further discovery as to issues related to Plaintiffs' adequately alleged Complaint. Defendants are attempting to hold Plaintiffs factually to a summary judgment standard prior to adequate discovery. *See also, Schainberg v. Urological Consultants of S. Fla., P.A.,* No. 12-21721-CIV, 2012 WL 3062292, at *1 (S.D. Fla. July 26, 2012).

6.      Further, this Court should also deny Defendants' Motion to Dismiss [DE31] pursuant to Rule 12(b)(1) because the issues of individual and enterprise coverage go to the merits of Plaintiff's claims and are not jurisdictional prerequisites. *See, Barrios v. Solasi Accounting & Tax Advice & Design of the Words in Dark Blue at Left Side Has a Circle Colored Blue, Purple and Green Light a/k/a Solasi, et al.,* Case No.: 17-20186-CIV-JEM [DE102].

7.      Therefore, Defendants' Motion to Dismiss for Failure to State a Claim [DE31] should be denied in its entirety and the Court should order Defendants to file an Answer so that Plaintiffs can know Defendants' position in the case at bar with regards to their affirmative defenses. Should the Court grant Defendants any relief on their Motion to Dismiss Amended Complaint for Failure to State a Claim [DE31], Plaintiffs respectfully requests fourteen (14) days from the date of the Court's Order to file a Third Amended Complaint.[1]

## **MEMORANDUM OF LAW**

### Motion to Dismiss Standard.

In deciding a motion to dismiss, the Court accepts the facts of the complaint as true in a light favorable to the non-moving party.  *Clifton v. Kinney,* 2006 U.S. Dist. Lexis 85256, *1

---

[1] Plaintiff Gonzalez filed the First Amended Complaint [DE9] in compliance with the Court's Order [DE4] and, therein, also corrected a scrivener's error. Thereafter, Plaintiff Gonzalez sought to additional claims of Plaintiff Munoz and, therefore, after seeking leaving of Court, filed their Second Amended Complaint [DE26].

(M.D. Fla. 2006), *citing Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004), *citing Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).  To succeed on their Motion to Dismiss, pursuant to the applicable standard of review, Defendants in the case at bar must demonstrate "beyond doubt" that "no set of facts" could entitle Plaintiff to relief.  *75 Acres, LLC v. Miami-Dade County*, 338 F.3d 1288, 1293 (11th Cir. 2003).

Moreover, Rule 8 of the Federal Rules of Civil Procedure states a Complaint "shall contain … a short and plain statement" setting forth entitlement to relief and "'give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'"  *Swierkiewicz v. Sorema*, N.A., 534 U.S. 506 (2002), *quoting Conley v. Gibson*, 355 U.S. 41 (1957).  In an FLSA matter, the Court should ask whether "no facts are alleged showing that the plaintiffs, if those facts be true, are entitled to relief".  *Daves et al. v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 646 (U.S. Dist. Hawaii 1953).

The case of *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (U.S. 2009) adopted the Supreme Court's previous ruling in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (U.S. 2007). The *Iqbal* decision dealt with a *Bivens* action while the *Twombly* Court dealt with the pleading standards as related to the Sherman Act. Neither case dealt with the pleading standards relating to the Fair Labor Standards Act.  The Eleventh Circuit interpreting the *Twombley* motion to dismiss standard in relation to Fair Labor Standard Act cases stated:

> We have explained that the Rule 8(a)(2) pleading standard articulated by the Supreme Court in *Twombley* is "one of 'plausible grounds to infer.'" *Watts v. Fla. Int'l Univ*., 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly, 127 S. Ct.* at 1965*).* To state a claim with sufficient specificity "'requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id*. The rule "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id*. at 1296.

In applying these standards to the FLSA claims in this case, we review the Secretary's complaint to determine whether its allegations plausibly indicate that Labbe failed to pay minimum wage and overtime compensation and failed to keep employment records as required by FLSA. Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act. *See* 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5). There is no need to prove intent or causation that might require more extensive pleading. *See Chao v. Rivendell Woods, Inc*., 415 F.3d 342, 348 (4th Cir. 2005) (finding a FLSA complaint sufficient under Rule 8(a)(2) where it identified the employees who were alleged to have worked overtime, described the manner of the employer's repeated violations of the overtime and record-keeping provisions of FLSA, and alleged the time frame in which these violations occurred). [Emphasis added].

*Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. Fla. 2008).Additionally, the

Southern District of Florida in interpreting *Twombly* as it relates to FLSA matters and citing to

the Eleventh Circuit decision on *Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. Fla.

2008). stated:

Under Fed. R. Civ. P. 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action. *Glover v. Liggett Group, Inc.,* 459 F.3d 1304, 1308 (11th Cir. 2006). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. *Twombly,* 550 U.S. at 555.

5

A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Id.* Accordingly, a well pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'" *Id.* at 556.

Moreover, "[u]nlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward." *Sec'y of Labor v. Labbe*, 319 Fed. App'x. 761, 763 (11th Cir. Fla. 2008). "The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act." *Id.* (citing 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5)).

*Schlinsky v. Action Video Prod.*, 2010 U.S. Dist. LEXIS 2430 (S.D. Fla. Jan. 13, 2010). See also

*Marcelle v. Am. Nat'l Delivery, Inc.*, 2010 U.S. Dist. LEXIS 40248 (M.D. Fla. Apr. 23, 2010)

("the elements that must be shown to allege a violation of the FLSA's overtime pay requirements

are "quite straightforward") *citation omitted*.

Consequently, although *Iqbal* and *Twombly* require more detailed pleadings as compared to the minimal pleading requirements under previous law, as stated FLSA matters are quite straightforward, and in the instant matter, thus, minimal pleading requirements apply to FLSA matters, and in the instant matter, Defendants cannot claim they do not understand what the allegations are regarding FLSA coverage, and can therefore either admit or deny the allegations. *See, Barrios v. Solasi Accounting & Tax Advice & Design of the Words in Dark Blue at Left Side Has a Circle Colored Blue, Purple and Green Light a/k/a Solasi, et al.,* Case No.: 17-20186-CIV-JEM [DE102]. As set forth below, Defendants have not shown as a matter of fact or law that dispositive relief is justified. *See also, Schainberg v. Urological Consultants of S. Fla., P.A.,* No. 12-21721-CIV, 2012 WL 3062292, at *1 (S.D. Fla. July 26, 2012).

To state a claim for failure to pay minimum or overtime wages under the FLSA, a plaintiff must demonstrate that (1) he is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay him minimum or overtime wages. *Freeman v. Key Largo Volunteer Fire & Rescue Depl, Inc.,* 494 F. App'x 940, 942-43 (11th Cir. 2012). Plaintiffs are not required to plead "the precise number of hours worked and applicable pay rates to state an FLSA claim." *Anish v. Nat'l Sec. Corp.*, No. 10-80330-CIV, 2010 WL 4065433, at *2 (S.D. Fla. Oct. 15, 2010). Instead, Plaintiffs must only allege "that [they] were an employee covered by the FLSA who worked for Defendant[s], that Defendant[s] failed to pay [them] time-and-a-half wages for [his] overtime hours" and that Defendants are employers subject to the FLSA. *Id.* at *2. Plaintiffs have done so here.

Accordingly, Plaintiffs' Second Amended Complaint [DE26] gives Defendants "fair notice of what the . . . claim is and the grounds upon which it rests," such that Defendants can adequately respond to the Complaint and, thereafter, engage in discovery. *Anish*, 2010 WL 4065433, at *2 (citing *Twombly*, 550 U.S. at 555); *see also Dobbins v. Scriptfleet, Inc.*, No. 8:11-CV-1923-T-24-AEP, 2012 WL 601145, at *3 (M.D. Fla. Feb. 23, 2012).

The term "employer" ought be interpreted more broadly under the Act than common law for remedial purposes.  *See, e.g., Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2nd Cir. 1999); *Dole v. Elliott Travel & Tours, Inc.,* 942 F.2d 962, 965 (6th Cir. 1991), *citing McLaughlin v. Seafood, Inc.*, 867 F.2d 875, 877 (5th Cir. 1989); *Donovan v. Agnew*, 712 F.2d 1509, 1510 (1st Cir. 1983); *Falk v. Brennan*, 414 U.S. 190, 195 (1973). An employment relationship is decided by applying the "economic realties test." *Santelices v. Cable Wiring*, 147 F. Supp. 2d 1313, 1319 (D. Fla 2001). No one factor is controlling nor is the list exhaustive. *Id* at 319. The factors simply summarize the matters deemed relevant by the Supreme Court in *Bartels v. Birmingham*, 332

U.S. 126, 130, 91 L. Ed. 1947, 67 S. Ct. 1547 (1947), *United States v. Silk*, 331 U.S. 704, 716, 91 L. Ed. 1757, 67 S. Ct. 1463 (1947), *Id.* at 319.

In applying the "economic realities test," the Court should consider the following factors: (1) the nature and degree of control of the workers by the alleged employer; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skills; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers; (4) whether the service rendered required a special skill; (5) the degree of permanence of the working relationship; and (6) whether the service rendered is an integral part of the alleged employer's business.

In the Second Amended Complaint [DE26], Plaintiffs have sufficiently pled that Defendants were Plaintiffs' employer. *See*, [DE26, ¶¶3-5]; *See also, Game v. Hospicecare of Se. Fla., Inc.,* No. 09-21348-CIV, 2009 WL 10699939, at *2–3 (S.D. Fla. Aug. 7, 2009)("Here, Plaintiff Game alleges that Rhodes is "corporate officer or owner" of Hospicecare, "runs the day-to-day operations" of Hospicecare, and "was responsible for paying Plaintiff's wages for the relevant time period." (Complaint, DE 1, ¶ 3). At this stage of the proceedings, these allegations are sufficient to render plausible that Rhodes is individually liable for violating the FLSA. In other words, these allegations allow me to draw the reasonable inference of Rhodes' liability. *Cf. Patel*, 803 F.2d at 638 (finding no individual liability where officer did not have operational control of significant aspects of company's day-to-day functions, including compensation of employees or other matters in relation to the employee. *See Cabrera v. 21 of Miami Corp.*, 2009 WL 2076095, at *8 (S.D. Fla. July 13, 2009)) (on motion to dismiss, concluding allegation that individual defendant was "the president/vice president or other corporate officer[ ] of the Corporate Defendant for the relevant time period and ran the day to

day operations of the Corporate Defendant" met pleading requirements of Fed. R. Civ. P. 8 and sufficiently alleged individual was an employer under the FLSA); *Aikens v. FSG of SW Florida, Inc.*, 2006 WL 4792783, at *2 (M.D. Fla. Sept. 1, 2006) (concluding allegation that individual defendants had "operational control" over the enterprise was sufficient to survive motion to dismiss)."); *See also, Nicolini v. Charleville Dev. Corp.,* No. 09-23270-CIV, 2009 WL 10667845, at *2 (S.D. Fla. Dec. 21, 2009); *Goetz v. Louie's Backyard, Inc.,* No. 14-10074-CIV, 2015 WL 12781194, at *2 (S.D. Fla. May 18, 2015)("While a determination of Defendant Cox's status as an employer is a matter of law to be decided by the Court, resolution of this matter at this stage in the proceedings would be premature.); *Hernandez v. Art Deco Supermarket,* No. 13-20705-CIV, 2013 WL 5532828, at *3 (S.D. Fla. Oct. 4, 2013)(" In the Complaint, Plaintiff alleges that Defendant Neary "is a corporate officer and/or owner and/or manager of the Defendant Limited Liability Companies who ran the day-to-day operations of the Defendant Limited Liability Companies for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule." Compl. at ¶ 5. Defendants argument that these statements are conclusory misuse the word. This is a sufficient pleading that, when taken as true, as the Court must, would allow the trier of fact to determine that Defendant Neary was Plaintiff's employer.").

Plaintiffs in Paragraphs 4-5 of the Second Amended Complaint [DE26] allege that the individual Defendants were their "employers" pursuant to 29 U.S.C. 203(d). Furthermore, said allegation in Paragraphs 4-5 are supported by the factual allegations in Paragraphs 10-11 of the Second Amended Complaint [DE26] whereby Plaintiffs allege they worked for Defendants as carpenters and sets forth the period of time each Plaintiff was employed by Defendants, including the individual Defendant. Further, Paragraphs 4-5 continue to be supported by

9

Paragraphs 19-21 whereby Plaintiffs again state the period of time they were employed by Defendants, including the individual Defendant, and the amount of hours each Plaintiff worked and their respective rates of pay that each Plaintiff received for said work, including Defendants failure to pay the legally mandated overtime wages. As such, Plaintiffs have pled sufficient facts pursuant to Rule 8 of the Federal Rule of Civil Procedure. However, an analysis of said factors as stated above, requires that the Parties engage in discovery and requires that the Court perform an analysis outside the four corners of the complaint. As Defendants' Motion [DE31] would require that the Court perform an analysis outside the four corners of the complaint, Defendants' Motion to Dismiss [DE31] should be denied in its entirety. *See also,* [DE25, ¶¶3-5; 10-11; 16; 19-21](Plaintiffs have adequately pled the dates they worked for Defendants and the position they held and also provided the average hours alleged per week and average rate of pay.).

FLSA Coverage.

In *Turcios v. Delicias Hispanas Corp*. et al., 275 Fed. Appx. 879 (11th Cir. 2008), the Eleventh Circuit remanded *Turcios* and differentiated between summary judgment standards and motions to dismiss.  In *Turcios*, the Eleventh Circuit remanded that matter despite the fact that the tax records reflected less than $500,000 during the relevant period.  The required prongs of FLSA coverage (interstate commerce and the $500,000 monetary threshold) have been pled. The issue of FLSA coverage might later be an issue appropriately addressed in summary judgment pleadings after adequate discovery.[2]

_____

[2] This Court has original jurisdiction over the federal law FLSA claim under 29 U.S.C. Section 1331 (civil actions under the Constitution, laws and treaties of the United States).  Thus, the Court has "jurisdiction" to hear the instant matter, although a statutory dispute concerning FLSA coverage exists.For the reasons herein dismissal is inappropriate regardless due to discovery issues.  However, even if Defendants would argue that subject matter jurisdiction is an exceptional ground allowing factual attacks at the dismissal stage, the dispositive issue at hand technically concerns coverage under a federal statute (the FLSA) as opposed to jurisdiction.  The

As to the interstate commerce prong of enterprise coverage, on 8/31/10 the Eleventh Circuit rendered a decision in the consolidated matter of *Polycarpe et al. v. E & S Landscaping*, 616 F.3d 1217 (11th Cir. 2010).  Prior to such decision, there was a split in this Circuit on the issue of enterprise coverage.  However, *Polycarpe* clarified that in this Circuit, it is now of no consequence if the goods have "come to rest"--there is no continuity requirement, and enterprise coverage is triggered so long as the employees have, pursuant to 29 U.S.C. Section 203(s)(1)(A)(i), handled, sold or worked with goods "that have been moved in or produced for commerce."  616 F.3d, at *5-6 (LEXIS pagination).  The *Polycarpe* Court stated that "we must vacate the judgment for the Defendant if there is a question about where the "goods" or "materials" were produced or where they have moved. The district courts will need to make some further decisions about the interstate history of the items in these cases." *Id*. Consequently, from whatever prism *Polycarpe* is analyzed, it is clear, for example, that a defendant-employer can no longer argue that the employees' handling etc. of the goods or materials, that were merely manufactured outside of Florida (when the $500,000 threshold is met), is not sufficient interstate commerce as a matter of law.

In particular, the Complaint alleges interstate commerce and then alleges the $500,000 monetary threshold. *See*, [DE 26, ¶¶12-15]. Plaintiffs have alleged the requisite interstate commerce and gross annual income thresholds, and consequently, Plaintiffs must have an opportunity to review all relevant tax records, and also to validate their accuracy through

First Circuit in *Chao v. Hotel Oasis, Inc*., 493 F.3d 26, 33 (1st Cir. 2007) concluded that enterprise coverage is not a jurisdictional question under the FLSA in light of the Supreme Court's ruling in *Arbaugh v. Y&H Corp*., 546 U.S. 500 (2006); although the Eleventh Circuit in *Turcios* did not rule on such matter because the alleged jurisdictional nature of enterprise coverage was not in dispute.  *Turcios*, 275 Fed. Appx. at FN5.  Moreover, the Southern District of Florida has been "persuaded by the reasoning in *Arbaugh* that the requirement that a plaintiff establish individual or enterprise coverage[2] is not jurisdictional."  *Rodriguez v. Diego's Restaurant, Inc*., 619 F.Supp.2d 1345, 1350 (S.D. Fla. 2009).

discovery. Regarding the $500,000, Plaintiffs need to conduct depositions and obtain, *inter alia,* financial information including Tax Returns, Bank Statements, and all contracts to sell during the relevant years.[3]  Certainly Defendants who are in charge of their own business, are in a better position than Plaintiffs to know its gross annual income and who its suppliers are.  *See also, Schainberg v. Urological Consultants of S. Fla., P.A.,* No. 12-21721-CIV, 2012 WL 3062292, at *1 (S.D. Fla. July 26, 2012).

Financial information is usually to be found in employer's hands: not ordinarily within a lower-level worker's knowledge who performed manual labor.  *See, Pizza Zone Italian Grill & Sports Bar, Inc. supra*. Plaintiffs will need to depose Defendants' suppliers *duces tecum* regarding where Defendants' supplies are purchased, manufactured etc. Defendants asks the Court to order Plaintiffs prior to discovery to go beyond to the pleading requirements before adequate discovery has commenced regarding interstate commerce and Defendants' gross annual income. Moreover, Defendants is able to deny or admit whether its business or Plaintiffs were involved in the requisite interstate commerce and defendant-employers for axiomatic reasons would normally have more access to information regarding their businesses materials and goods used by its employees.  Plaintiffs need discovery to address the said issues to establish a factual record that can be presented to the Court and/or Jury.  As to interstate commerce, it does not appear at this time, that Defendants are willing to stipulate to interstate commerce, and do not appear to be voluntarily offering evidence relevant to same regarding where their supplies are purchased, manufactured etc.

---

[3] *See, Wirtz v. Savannah Bank & Trust Co.,* 5 Cir., 362 F.2d 857." *Wirtz v. First Nat'l Bank & Trust Co.,* 365 F.2d 641 (10th Cir. 1966).Review of 29 U.S.C. Section 203(k) and related case law make it clear Plaintiff  needs access to all of Defendants' contracts from the relevant period even if Defendants' customers defaulted on them; unless Defendants will stipulate that the $500,000 threshold is met.

Plaintiffs will need to propound written discovery that specifically addressing this issue. Plaintiffs' discovery would seek documents such as Defendants' tax returns and all underling documents relied on to file same. Schedule L of Federal Tax Returns reflect "inventories," "trade notes and accounts receivables," "depletable assets," and "other assets." Schedule M-1 reflects "expenses recorded on the books this year not deducted on this return (itemize)." Under "Other Deductions" (Form 1065 Line 20) it would include uniforms, computers, office expenses, supplies, automobile and truck expenses, and other such expenses which are directly relevant to Defendants' dispute regarding interstate commerce. The underlying documents provided by Defendants to Defendants' accountant would reflect Defendants' inventories and may also reflect where these items were purchased and manufactured. Defendants' bank statements would also reflect what products were purchased and from where (i.e. Home Depot, Target, etc.) and what specifically was purchased at each distributer. *See, Galdames v. N & D Inv. Corp.*, 21 Fla. L. Weekly Fed. D 529 (S.D. Fla. 2008), aff'd, 432 Fed. Appx. 801 (11th Cir. 2011); *See also*, *Exime v. E.W. Ventures, Inc.,* 591 F. Supp. 2d 1364, 1373 (S.D. Fla. 2008). For example, the Southern District of Florida has held that (emphasis added):

> 29 C.F.R. § 779.238. The Eleventh Circuit has also relied on this language to find that enterprise coverage did not exist. *Scott v. K.W. Max Investments,* 256 F.App'x 244, 248-49, No. 07-10649, 2007 WL 2850926, at ----3-4 (11th Cir. Oct.2, 2007) (unpublished). However, that opinion is not binding, and even if it were, the factual differences are so great as to make the case nearly inapplicable. Furthermore, **to the extent Defendants believe that the individual employees that have brought suit must regularly and recurrently engage in the handling of goods of materials that have moved in interstate commerce, Defendants have misread the regulation**. The regulation requires that the *enterprise* regularly and recurrently have **two or more employees** engaged in such activities, and **does not require that it be the individuals bringing suit.**

*Galdames v. N & D Inv. Corp.*, 21 Fla. L. Weekly Fed. D 529 (S.D. Fla. 2008), aff'd, 432 Fed. Appx. 801 (11th Cir. 2011). In short, Defendants are clearly on notice of what FLSA coverage

issues are presented based on the pleadings, and discovery needs to proceed towards the summary judgment phase.

Applying the Eleventh Circuit standard of *Sec'y of Labor v. Labbe* to the case at hand, Plaintiffs have pled sufficient facts to demonstrate that that Defendants' business is an enterprise covered under the FLSA pursuant to the Eleventh Circuit decision in *Polycarpe v. E&S Landscaping Serv., Inc*., 616 F.3d 1217, 1220 (11th Cir. 2010) which adopted this Court's analysis of enterprise coverage in *Galdames v. N & D Inv. Corp.*, 2008 U.S. Dist. LEXIS 73433 (S.D. Fla. 2008). As noted above, "at the motion to dismiss stage, under Fed. R. Civ. P. 12(b)(6), a court can only examine the four corners of a complaint. *Crowell v. Morgan Stanley Dean Witter Servs*., Co., Inc., 87 F. Supp.2d 1287 (S.D. Fla. 2000)."*Medina v. United Christian Evangelistic Ass'n,* 2009 U.S. Dist. LEXIS 16412 (S.D. Fla. Feb. 27, 2009). The four corners of the complaint allege sufficient facts for Defendants to formulate a proper answer to the complaint.

Further, this Court should also deny Defendants' Motion to Dismiss [DE31] pursuant to Rule 12(b)(1) because the issues of individual and enterprise coverage go to the merits of Plaintiffs' claims and are not jurisdictional prerequisites. *See, Barrios v. Solasi Accounting & Tax Advice & Design of the Words in Dark Blue at Left Side Has a Circle Colored Blue, Purple and Green Light a/k/a Solasi, et al.,* Case No.: 17-20186-CIV-JEM [DE102]. This Court has original jurisdiction over the federal law FLSA claim under 29 U.S.C. Section 1331 (civil actions under the Constitution, laws and treaties of the United States). Thus, the Court has "jurisdiction" to hear the instant matter, although a statutory dispute concerning FLSA coverage exists. For the reasons herein dismissal is inappropriate regardless due to discovery issues and the pleadings. However, even if Defendants would argue that subject matter jurisdiction is an exceptional

14

ground allowing factual attacks at the dismissal stage, the dispositive issue at hand technically concerns coverage under a federal statute (the FLSA) as opposed to jurisdiction. The First Circuit in *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 33 (1st Cir. 2007) concluded that enterprise coverage is not a jurisdictional question under the FLSA in light of the Supreme Court's ruling in *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006); although the Eleventh Circuit in *Turcios* did not rule on such matter because the alleged jurisdictional nature of enterprise coverage was not in dispute. *Turcios,* 275 Fed. Appx. at FN5. Moreover, the Southern District of Florida has been "persuaded by the reasoning in *Arbaugh* that the requirement that a plaintiff establish individual or enterprise coverage is not jurisdictional." *Rodriguez v. Diego's Restaurant, Inc*., 619 F.Supp.2d 1345, 1350 (S.D. Fla. 2009). This litigation is at an early stage and discovery is necessary. Defendants have not shown cause for this Court to look beyond the allegations in the Complaint. *See, Barrios v. Solasi Accounting & Tax Advice & Design of the Words in Dark Blue at Left Side Has a Circle Colored Blue, Purple and Green Light a/k/a Solasi, et al.,* Case No.: 17-20186-CIV-JEM [DE102].

<u>Plural Versus Singular Term "Defendants"</u>

As to Defendants' arguments regarding the plural versus singular term "Defendants" being confusing, there is no confusion because there is only one corporate Defendant, and the individual liability of the individual Defendants, HENRY LEW and BENAY LEW, is derivative. As set forth supra, the liability of the individual Defendants in this FLSA matter will hedge on their operational control and corporate roles. Paras. 4-5 of the Second Amended Complaint [DE26] allege the requisite operational control and corporate roles in accordance with the minimal pleading requirements of Rule 8 as set forth *supra*. At most, usage of the plural term "Defendants", in the Second Amended Complaint [DE26], in certain particular paragraphs is a

15

scrivener's error that does not affect Defendants' ability to file d their answer and raise their affirmative defenses. *See, e.g., Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2nd Cir. 1999)(The term "employer" ought be interpreted more broadly under the Act than common law for remedial purposes.); *See also, Dole v. Elliott Travel & Tours, Inc.,* 942 F.2d 962, 965 (6th Cir. 1991), *citing McLaughlin v. Seafood, Inc.*, 867 F.2d 875, 877 (5th Cir. 1989); *Donovan v. Agnew*, 712 F.2d 1509, 1510 (1st Cir. 1983); *Falk v. Brennan*, 414 U.S. 190, 195 (1973). Further, multiple employers may be responsible for compliance with the FLSA within one business organization.  *See*, *Elliott Travel & Tours, Inc.,* 942 F.2d at 965; *Agnew*, 712 F.2d at 1510. "[B]oth the employing corporation and the individual responsible for operation thereof may be employers for purposes of the FLSA."  *Figueroa v. America's Custom Brokers, Inc.,* 48 F.Supp.2d 1372, 1377 (S.D. Fla. 1999), *citing Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986).  In the Eleventh Circuit, "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages."  *Patel*, 803 F.2d at 637-38, *quoting Agnew*, 712 F.2d at 1511. The Court should not allow Defendants, particularly at the dismissal stage, to go beyond the four corners of the complaint and attempt to parse liability among the Defendants to cause legal confusion, when it seems clear that all of the entity Defendants are the same company ran by the same ownership -- such is alleged and is subject to the discovery process.

WHEREFORE Defendants' Motion to Dismiss for Failure to State a Claim [DE31] should be denied in its entirety and the Court should order Defendants to file an Answer so that Plaintiffs can know Defendants' position in the case at bar with regards to their affirmative defenses. Should the Court grant Defendants any relief on their Motion to Dismiss Amended

Complaint for Failure to State a Claim [DE31], Plaintiffs respectfully requests fourteen (14) days from the date of the Court's Order to file a Third Amended Complaint.[4]

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Neil Tobak, Esq. ___
Neil Tobak, Esquire
   Florida Bar No.: 093940

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CMECF ON 11/7/18 TO:**

**George Albert Minski, Esq.**
**Law Offices of George A. Minski, PA**
**2241 Hollywood Blvd**
**Hollywood, FL 33020**
**305-792-2200**
**Fax: 786-742-6990**
**Email: gminski@minskilaw.com**

**BY:__/s/____Neil Tobak_____**
**NEIL TOBAK, ESQ.**

---

[4] Plaintiff Gonzalez filed the First Amended Complaint [DE9] in compliance with the Court's Order [DE4] and, therein, also corrected a scrivener's error. Thereafter, Plaintiff Gonzalez sought to additional claims of Plaintiff Munoz and, therefore, after seeking leaving of Court, filed their Second Amended Complaint [DE26].