UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-23919-CIV-ALTONAGA/Goodman

**BISMARCK JOSE FRECH GONZALEZ**
and **GROVER MUNOZ**,

    Plaintiffs,
v.

**MJM STRUCTURAL CORP.**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court upon the parties' Joint Motion for Approval of Parties' Settlement Agreement [ECF No. 35], filed November 13, 2018.  The parties seek the Court's approval of their proposed Settlement Agreement and Mutual General Release [ECF No. 35-1], which includes a provision for the award of attorney's fees.  The Court has carefully considered the Motion, Agreement, record, and applicable law.

Before a court may approve a compromised settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute.  *See Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1354–55 (11th Cir. 1982). In making the requisite fairness determination, the Court considers the following factors: "(1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel."  *Mason v. Wyndham Vacation Ownership, Inc.*, Case No. 6:10-cv-1805-

Orl-35GJK, 2012 WL 570060, at *1–2 (M.D. Fla. 2012) (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)).

Factors the Court considers in determining whether requested attorney's fees are reasonable include:

1) the time and labor required;
2) the novelty and difficulty of the questions;
3) the skill requisite to perform the legal service properly;
4) the preclusion of other employment by the attorney due to the acceptance of the case;
5) the customary fee;
6) whether the fee is fixed or contingent;
7) time limitations imposed by the client or the circumstances;
8) the amount involved and the results obtained;
9) the experience, reputation and ability of the attorneys;
10) the "undesirability" of the case;
11) the nature and length of the professional relationship with the client; and
12) awards in similar cases.

*Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1340 n.7 (11th Cir. 1999) (citation omitted).

The parties have agreed to settle this lawsuit for $31,000.00. (*See* Agreement ¶ 2). The total breaks down to $10,000.00 to Plaintiff Gonzalez ($5,000.00 for unpaid overtime and $5,000.00 for liquidated damages); $10,000.00 to Plaintiff Munoz ($5,000.00 for unpaid overtime and $5,000.00 for liquidated damages); as well as $11,000.00 to Plaintiff's counsel for attorney's fees and costs (*see id.* ¶¶ 2(i)–(ii)).

Regarding the attorney's fees and costs, neither the Motion nor the Agreement includes affidavits or exhibits detailing the number of hours Plaintiff's counsel worked on this case, the description of the work done for those hours, and what hourly rates were used to calculate reasonable fees. (*See generally id.*; Mot.). Without that information, the Court cannot scrutinize the reasonableness of the attorney's fees and costs awarded under the Agreement. The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel

is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). The "FLSA provides for *reasonable* attorney's fees; the parties cannot contract in derogation of [the] FLSA's provisions. . . . To turn a blind eye to [a] . . . fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to [the] FLSA's provisions for compensating the wronged employee." *Id.* at 351–52 (emphasis and alterations added; citations omitted).

Additionally, the Agreement contains a confidentiality clause and a liquidated damages provision. (*See* Agreement ¶ 9). Where the Court must approve a settlement, the agreement becomes a part of the judicial record and therefore may not be deemed confidential even if the parties so consent. *See Jessup v. Luther*, 277 F.3d 926, 929–30 (7th Cir. 2002). Accordingly, parties may not submit a settlement agreement under seal or seek to have it reviewed in camera unless there is a compelling interest in secrecy. *Id.* at 928. Nevertheless, while the confidentiality provision seems to indicate the parties seek to maintain the Agreement's confidentiality, the parties did not file the Agreement under seal, so it appears on the public docket.

"The district court should reject as unreasonable a compromise that contains a confidentiality provision, which is unenforceable and operates in contravention of the FLSA." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1243 (M.D. Fla. 2010). A liquidated damages provision for breach of confidentiality "places the conflict between the purposes of the FLSA and the confidentiality obligations of the Agreement in especially stark relief." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 180 (S.D.N.Y. 2015) (declining to approve proposed

3

CASE NO. 18-23919-CIV-ALTONAGA/Goodman

settlement unless the confidentiality and liquidated damages provisions were removed from the agreement).

As the Motion and Agreement (1) fail to adequately explain or describe the amount of Plaintiff's attorney's fees and costs; and (2) improperly contain a confidentiality clause and corresponding liquidated damages provision, the Court cannot find the Agreement fair and reasonable and cannot grant the Motion.

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The Motion **[ECF No. 35]** is **DENIED without prejudice**.

2. The parties must submit a revised motion and agreement (1) excluding the confidentiality clause and liquidated damages provision and (2) providing affidavits or exhibits regarding attorney's fees and costs, that conform to the FLSA by **November 21, 2018**.

**DONE AND ORDERED** in Miami, Florida, this 14th day of November, 2018.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record